```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                         LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | Action No. 5:06-CR-83-S-JMH |
| ) | |
| v.    ) | |
| ) | |
| SAMUEL LEWACO CLAY,    ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant.    ) | |
| ) | |

```
               **    **    **    **    **
```

This matter is before the Court on Defendant's motion to suppress [Record No. 20]. The United States responded to this motion [Record No. 22]. On August 16, 2006, the Court conducted a suppression hearing and orally denied the motion. This Memorandum Opinion and Order will serve to supplement the oral decision.

### I.  Factual Background

On March 13, 2006,[1] Defendant's car was struck by another driver at the intersection of East Main and South Limestone. Following the accident, Defendant was taken to the emergency room at the University of Kentucky Hospital. Defendant's clothes were removed so that he could be examined; his clothes were placed in a bag. Nurse Cherrie Hamilton was attending to Defendant. When Defendant instructed Nurse Hamilton to place his coat in the bag with the rest of his clothes, she thought his demeanor was

---

[1] Defendant's motion to suppress incorrectly states the date of the car accident as June 13, 2006; in turn, the Court repeated that date during the hearing.

abnormal. She searched the contents of his coat — a procedure Nurse Hamilton described as standard hospital practice. Nurse Hamilton testified that pursuant to that practice, a patient's personal items must be inventoried, logged, and safely stored. During her search of Defendant's coat, she unzipped a pocket and discovered a quantity of cocaine and ammunition. Nurse Hamilton notified her supervisor and these items were turned over to Officer Robert Terry, who had accompanied Defendant to the hospital. Officer Terry read Defendant his *Miranda* rights and confronted him with the items found in his coat. Defendant admitted that the cocaine was his, and he consented to the search of his vehicle where police discovered a firearm and digital scales.

## II. Defendant's Motion to Suppress

Defendant argues that the warrantless search performed by Nurse Hamilton, a state employee who is "subject to the strictures of the Fourth Amendment," violated his Fourth Amendment rights and the items seized must be suppressed. *Ferguson v. City of Charleston*, 532 U.S. 67, 76 (2001) (citing *New Jersey v. T.L.O.*, 469 U.S. 325, 335-37 (1985)).

At issue in *Ferguson* was whether urine tests conducted by medical staff pursuant to a joint program with police to discover if pregnant women were using drugs and force them into treatment were unconstitutional searches. Defendant interprets the *Ferguson* Court's statement that members of a state hospital's staff are

"subject to the strictures of the Fourth Amendment" to mean that Nurse Hamilton, by virtue of being a University of Kentucky employee as opposed to an employee of a private hospital, could not follow hospital procedure to log and inventory Defendant's personal items without a warrant or his consent.  The *Ferguson* Court noted how Defendant's situation is distinguishable from that of the pregnant women in *Ferguson* and explained:

> While state hospital employees, like other citizens, may have a duty to provide the police with evidence of criminal conduct that *they inadvertently acquire in the course of routine treatment*, when they undertake to obtain such evidence from their patients for the *specific purpose of incriminating those patients*, they have a special obligation to make sure that the patients are fully informed about their constitutional rights, as standards of knowing waiver require.

*Id.* at 84-85 (emphasis added).

Nurse Hamilton and Officer Terry testified that they had no conversation prior to Nurse Hamilton's search of the coat about any possible criminal activity by Defendant.  Unlike the hospital staff in *Ferguson*, Nurse Hamilton did not work in concert with or at the behest of law enforcement when she searched Defendant's coat.  Instead, she followed what she perceived was hospital procedure to remove, log, and inventory a patient's personal items so that treatment could be administered and so that the hospital would have a record of the items to protect itself if the patient later accused the hospital of losing or stealing an item.  The policy itself is reasonable because it serves to prevent injury to

3

patients and hospital staff and to protect the hospital from potential liability. *See Falter v. Veterans Admin.*, 632 F. Supp. 196, 212 (D.N.J. 1986) (holding that "searches of a patient's clothing or belongings upon admission for potential weapons, drugs, liquor or other impermissible property is clearly reasonable for it serves legitimate, paramount hospital goals for the prophylactic protection of the patient and others in the hospital setting"). *Ferguson* does not stand for the proposition that the Fourth Amendment requires a nurse employed by a state hospital to obtain a warrant or consent before searching a patient's coat when she is acting pursuant to a reasonable hospital policy and not under the direction of law enforcement.  Nurse Hamilton's inadvertent discovery of Defendant's ammunition and drugs pursuant to hospital policy was not in furtherance of a law enforcement purpose; therefore, Defendant's claim that *Ferguson* requires suppression of the evidence seized after the search of his coat is without merit.

### III. Conclusion

Accordingly, and for the reasons stated at the hearing and in this Order, **IT IS ORDERED**, that Defendant's motion to suppress [Record No. 20] be, and the same hereby is, **DENIED**.

This the 17th day of August, 2006.



Signed By:

*Joseph M. Hood*
United States District Judge