UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:06-83-JMH-JGW |
| v. | ) | (Civil Action No. 09-7079-JMH) |
| | ) | |
| SAMUEL LEWACO CLAY, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 69]. Said action was referred to the magistrate for the purpose of evaluating Franklin's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 63], in which he seeks to have his sentence set aside.

The United States of America filed a Motion to Dismiss [DE 66], and Defendant filed a Response, styled as a Motion for Reconsideration of Government Responses as Clay's Collateral Attack [DE 67]. The Magistrate Judge's Proposed Findings of Fact and Recommendations addressed each of these papers and clearly advised that "[p]articularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived." [DE 69 (citing

-1-

*U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984)).] With respect to the Report and Recommendation of the Magistrate Judge, Defendant filed a Response [DE 70], stating his objections, more than a month after the Magistrate Judge's Order was filed and served. Thus, Defendant Clay's right to further appeal has been waived as his objections were made out of time.

However, even if the Court were to excuse the tardy filing of his Response, Clay has raised no objections which would cause this Court to reject the Report and Recommendation of the Magistrate Judge. Specifically, Clay has not raised any real objection to the Magistrate Judge's conclusion that his motion is barred by the statute of limitations.[1] In his Response, Clay states only that there has been "a grave mis-understanding [*sic*] as to the proceeding as to my motion for 28 U.S.C. § 2255 as having been

---

[1] Clay has stated no objection whatsoever to the Magistrate Judge's conclusion that his motion is barred by virtue of the waiver in his plea agreement, nor has he articulated any reason that his Motion would not fail on the merits, as articulated in the Magistrate Judge's Report and Recommendation. Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendation as to the issues of waiver and the merits of Clay's § 2255 Motion as its own.

untimely and inaccordance [sic] with the docket data that I have is total [sic] different and is [sic] enclosed is that information as to when I was notified by Attorney Mr. Patrick F. Nash."[2] [DE 70.] He attaches (1) a June 2, 2008, letter from the Office of the Clerk of the Supreme Court of the United States advising Clay's counsel that Clay's petition for a writ of certiorari has been denied; (2) a January 6, 2009, letter from his attorney, Patrick F. Nash, in which Attorney Nash explains that he had previously sent Clay a letter explaining that his Petition for Writ of Certiorari was denied on June 5, 2008, and forwarding a copy of that letter; (3) a copy of Attorney Nash's June 5, 2008, letter; (4) and a print-out of data with the heading "Inmate History" which appears to refer to Clay's movement among Bureau of Prison's facilities from February 2003 through January 13, 2009.

Defendant Clay's judgment of conviction became final when the United States Supreme Court denied his petition for writ of certiorari on June 2, 2008. *See United States v. Cottage*, 307 F.3d

---

[2] Additionally, Clay's Response includes a post-script which reads as follows:

> Please Note: The docket information that was forwarded to me is not me and how is it that I'm to respond or to meet a deadline if that is in fact the requirement.

To the extent that Clay seeks to excuse his tardy Response, he has failed to do so. The Magistrate Judge's Report and Recommendation clearly sets forth the time for filing objections. Clay has not claimed that he did not receive that Report and Recommendation nor could he as he has elected to respond to it.

494, 498 (6th Cir. 2002). Defendant's Response and the materials attached to it do nothing to explain why he could not file his request for relief prior to the expiration of the one-year-statute of limitations set forth in 28 U.S.C. § 2255(f)(1).[3]

Thus, the Court agrees with the Magistrate Judge's recommendation that Clay's claim is time barred. Clay has articulated no valid reason that equitable tolling should be applied on the grounds that extraordinary circumstances existed which would justify equitable tolling of the AEDPA's one year statute of limitations. If the Court can believe the documents submitted with Clay's Objections to the Report and Recommendation, Defendant and his property were not in transit for the entire year after his Petition for Writ of Certiorari was denied, nor was there a basis for equitable tolling because Defendant wished to seek assistance from an inmate legal assistant when there is not even a right to counsel to file a post-conviction motion. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003); *see also generally, Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001) (holding that "equitable tolling relief should be granted only sparingly"). Accordingly, Plaintiff's § 2255 Motion shall be denied as it is barred by the

---

[3] Clay's suggestion that the statute of limitations should have begun to run for him on either January 6 or 13, 2009, is simply preposterous as he might have inquired into the status of his Petition for Writ of Certiorari at any time prior to those dates.

one year statute of limitations set forth in 28 U.S.C. § 2255(f).

**III. No Certificate of Appealability to Issue**

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court concludes that no certificate should issue as Clay cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 69] is **ACCEPTED** and **ADOPTED**; and

(2) that the United States' Motion to Dismiss Clay's Collateral Attack [DE 66] is **GRANTED**;

(3) that Defendant Clay's Motion for Reconsideration of Government Responses as Clay's Collateral Attack [DE 67] is **DENIED**;

(4) that Clay's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 63] is **DENIED**; and

(5) that no certificate of appealability will issue.

This is the 11th day of January, 2011.



Signed By:
*Joseph M. Hood*  /s/ JMH
Senior U.S. District Judge