UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:06-CR-83-JMH-REW-1 |
| | ) | No. 5:17-CV-34-JMH-REW |
| v. | ) | |
| | ) | |
| SAMUEL LEWACO CLAY, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Movant, Samuel Lewaco Clay, is a federal inmate. DE #87 (Motion). On January 10, 2017,[1] Clay filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See generally id.* The Court has conducted an initial review of the filing. The motion is second or successive, and Clay has not secured Sixth Circuit authorization to file. Normally, the Court would recommend transfer, per *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and 28 U.S.C. § 1631. However, the Sixth Circuit already rejected Clay's efforts to present this claim in a second or successive § 2255 motion. As such, the Court recommends dismissal per the prior Circuit order.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Clay affirmed under penalty of perjury that he placed the § 2255 motion in the prison mailing system on January 10, 2017. DE #87, at 9.
[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

I.   **BACKGROUND INFORMATION**

Clay pleaded guilty to aggravated crack distribution, pursuant to a plea agreement, on August 16, 2006. DE ##30 (Minute Entry); 27 (Plea Agreement). Judge Hood sentenced Clay on December 11, 2006. DE #39 (Minute Entry). Movant received a 262-month prison term, followed by 8 years of supervised release. DE #42 (Judgment). Clay appealed; the Sixth Circuit affirmed, and the Supreme Court denied certiorari on June 2, 2008. DE ##43, 55, 58.

On June 6, 2009, Clay filed a § 2255 motion. DE #63 (Motion). The United States moved to dismiss the § 2255 motion as time-barred. DE #66. After briefing and a recommended disposition, Judge Hood denied the motion as untimely and did not issue a certificate of appealability. DE #71 (Memorandum Opinion & Order). Clay did not seek review by the Sixth Circuit.

The next relevant action in the case occurred on June 13, 2016, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3] Clay filed a petition with the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for permission to file a *Johnson*-based second or successive § 2255 motion. DE #84 (Copy of § 2244 Motion). Clay argued that, following *Johnson*, he no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. He contended that the predicate conviction for the Kentucky felony of assault under extreme emotional disturbance is not a crime of violence post-*Johnson*. *Id.* at 3-6. The Sixth Circuit rejected this argument, holding that the assault conviction qualifies under the section's elements clause, not the

---

[3] *Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

2

residual clause potentially invalidated by *Johnson*. DE #86 (Sixth Circuit Order), at 2. The Circuit denied permission to file a second or successive § 2255 motion. *Id.* at 3.

Clay now improperly attempts to file the claim the Sixth Circuit rejected, via a document essentially identical to the motion the Sixth Circuit denied permission to file, premised on *Johnson* and *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting certiorari to address the issue of whether *Johnson* applies to the Sentencing Guidelines, and if so whether it applies retroactively). DE #87. The Circuit clearly held: "Clay has not, however, demonstrated that his sentence may be affected if *Johnson* applies retroactively to Guidelines cases. . . . Because Clay has not demonstrated that his assault conviction was counted under the residual clause, he has not made a prima facie showing that it is affected by *Johnson*." DE #86, at 2. The Order expressly bars the filing Clay now endeavors to make.[4]

## II. ANALYSIS

In the § 2255 motion, Clay again requests relief based on the proposition that he no longer qualifies as a career offender under § 4B1.1 after *Johnson*. The Supreme Court will address the applicability of *Johnson* to the Sentencing Guidelines (and the issue of retroactivity on collateral review) this term. *Beckles*, 136 S. Ct. at 2510.

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law,

---

[4] The lack of Sixth Circuit permission to file the second § 2255 motion is one of many problems with Clay's motion. The instant motion also appears untimely to the extent it asserts a *Johnson* claim. *See* 28 U.S.C. § 2255(f)(3) (one-year limitation period runs from date a right first recognized by the Supreme Court). The Supreme Court decided *Johnson* on June 26, 2015. Clay then had one year from that date, until June 26, 2016, to file a timely § 2255 motion based on *Johnson*, a deadline he clearly missed. Additionally, the collateral attack waiver in Clay's plea agreement, *see* DE #27 ¶ 9, likely bars the motion. *See In re Garner*, — F. App'x —, No. 16-1655, 2016 WL 6471761, at *1 (6th Cir. Nov. 2, 2016).

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

This is unquestionably a second or successive § 2255 petition. *Burton v. Stewart*, 127 S. Ct. 793 (2007) (*per curiam*). Clay filed the first in June 2009. DE #63 (§ 2255 Motion). The United States moved to dismiss the motion as time-barred, DE #66, and Clay responded as to the statute of limitations issue. DE #67. Judge Wehrman issued a thorough recommended disposition. DE #69. Clay objected. DE #70. The District Court adopted the recommendation, overruled Clay's objections, and denied the § 2255 motion as time-barred. DE #71. Judge Hood denied a Certificate of Appealability, *id.*, and Clay did not seek review by the Sixth Circuit. Courts consider the proper dismissal of a prior § 2255 motion as time-barred an adjudication on the merits, rendering any new motion "second or successive." *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *cf. In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000) (where a petitioner's initial habeas petition "was dismissed for unexcused procedural default and was therefore 'on the merits,' [a new] application is a 'second or successive habeas corpus application' under § 2254(b)").

The Court elects against transfer here because Circuit consideration of the precise predicate claim already has occurred. Clay raised the potential *Johnson* issue in a § 2244

4

motion, and the Circuit rejected a second § 2255 as unjustified. Clay ignored that finding and made the subject filing anyway. The Court deems this a violation of the Circuit's order. Dismissal, rather than transfer, is the proper result because the Sixth Circuit has already dealt with and denied the request to certify a § 2255 claim on this subject matter.

### III.  RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge **DISMISS** Clay's § 2255 motion (DE #87) as second or successive and foreclosed by the Sixth Circuit's Order (DE #86) on the identical claim.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 8th day of February, 2017.



Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge