```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )  | |
| ) | Criminal Action No. |
| Plaintiff, ) | 5:06-cr-00083-JMH-REW-1 |
| ) | |
| v. ) | Civil Action No. |
| ) | 5:16-cv-00034-JMH-REW |
| SAMUEL LEWACO CLAY, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Defendant Samuel Lewaco Clay has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 87]. In his Motion, he argues that under *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Beckles v. United States*, 136 S. Ct. 2510 (2016), a predicate felony conviction which served as the basis for the finding that he was a career offender under U.S.S.G. § 4B1.1 (assault under extreme emotional disturbance), is no longer considered a crime of violence.

As the Magistrate Judge has explained in his Report and Recommendation, Plaintiff has already sought relief from this Court under § 2255, which was denied. *See* DE 63 (motion under 28 U.S.C. § 2255); *see also* DE 71 (order denying § 2255 motion at DE 63 as time barred). Thus, ordinarily, the Court would refer this motion to the United States Court of Appeals for the Sixth Circuit

1

for consideration of whether a second or successive petition should be allowed under 28 U.S.C. § 2255(h)(2). The Court of Appeals has, however, already denied Clay's previous petition for permission to file a second and successive petition on the same grounds [DE 86], explaining that Clay's assault conviction qualifies under § 4B1.1's elements clause, not the residual clause and, thus, even if *Johnson* applied to matters arising under the Sentencing Guidelines, it would not afford Clay relief. Thus, the Magistrate Judge recommends that the Court dismiss Clay's § 2255 motion as second or successive, foreclosed by the Court of Appeal's order on Clay's identical claim.

No objections to the Recommended Disposition have been filed within the fourteen day period provided for in 28 U.S.C. § 636(b)(1). Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, the Court concludes that the recommended disposition is well supported by the law cited by

2

the magistrate judge and the facts averred in the Petition. Consequently and in the absence of any objections from Defendant Clay, this Court adopts the well-articulated and detailed reasoning set forth in the Opinion as its own.

Accordingly, **IT IS ORDERED:**

(1)   that the Magistrate Judge's Report and Recommendation [DE 90] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2)   that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 87] is **DENIED**; and

(3)   that Plaintiff's request for relief [DE 85] in his letter dated August 31, 2016, on the same grounds is **DENIED**.

This is the 3rd day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge