UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:06-CR-083-JMH-1 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SAMUEL LEWACO CLAY, *Pro Se*, | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

Defendant, Samuel Lewaco Clay ("Clay"), a federal prisoner proceeding pro se, moves for reconsideration[1] of the Court's previous order, which sua sponte denied Clay a reduction of sentence under the provisions of the First Step Act of 2018. [DE 96]. But as the Court has explained, and again reiterates, under Sixth Circuit precedent, Clay is ineligible for a sentence reduction under the First Step Act due to his status as a career offender. As a result, Clay's motion to reconsider [DE 97] is **DENIED**.

### I. Procedural Background

On August 16, 2006, Clay pleaded guilty to possession with intent to distribute cocaine base ("crack" cocaine) in violation

---

[1] Defendant Clay styles his request for relief a "Motion For Reduction of Sentence Pursuant to The First Step Act of 2018." [DE 97]. However, as this Court has already sua sponte denied Clay a reduction of sentence under the Act, [DE 96], the Court will construe Clay's request as a motion for reconsideration of the Court's prior order.

1

of 21 U.S.C. 841(a)(1). [DE 27, 30]. In December 2006, Clay was sentenced to a total term of imprisonment of 262 months, to be followed by an eight-year term of supervised release. [DE 42]. Clay's sentence was based on his status as a career offender pursuant to U.S.S.G. § 4B1.1, not the guidelines ranges in U.S.S.G. § 2D1.1, which are based on drug quantity. [DE 42, 52].

The Sixth Circuit confirmed the conviction and sentence on direct appeal. Clay has also filed multiple petitions for habeas relief and has moved for reductions of sentence.

Recently, the Court received a list of prisoners that may be eligible for a reduction of sentence under the First Step Act and ordered that the United States Probation Office review the listed cases and issue a report. [DE 94]. Subsequently, the Court reviewed the report from the United States Probation Office, and Clay's case generally, and entered a sua sponte denial of a reduction of sentence based on Clay's status as a career offender. [DE 96]. Now, Clay has again moved for a reduction of his sentence, which this Court construes as a motion for reconsideration of the Court's prior sua sponte denial of a sentence reduction based on the First Step Act. [DE 97]. This matter is ripe for review.

## II. Analysis

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, Section 404 of the First Step Act retroactively applies certain

2

sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack" cocaine) offenses in the FSA to "covered offenses" committed before August 3, 2010.

The court that imposed a sentence for a covered offense may impose a sentence as if the FSA were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

Clay argues that his sentence should be reduced to 151 months, which would make him eligible for immediate release from custody. [DE 97]. Specifically, Clay argues that his sentence may be reduced even though he was sentenced as a career offender. [Id.]

"Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal citations and quotation omitted). To satisfy the second requirement, "a guidelines amendment must have the effect of lowering the defendant's

3

applicable guideline range." *Id.* (internal citations and quotations omitted).

Clay's argument that he is eligible for a sentence reduction under the First Step Act notwithstanding his sentencing status as a career offender, has been foreclosed by the Sixth Circuit and is thus completely without merit. In *Riley*, the Sixth Circuit addressed whether prisoners sentenced as career offenders were eligible for a sentence reduction under the Fair Sentencing Act and held that those sentenced as career offenders under U.S.S.G. § 4B1.1 were not eligible because the reforms in the Fair Sentencing Act only affected the guidelines ranges under U.S.S.G. § 2D1.1. *Id.* at 758-59.

In so holding, the Sixth Circuit explained that career offenders were not eligible for a sentence reduction under Amendment 706, a retroactive amendment that lowered the base offense levels for most crack offense levels in § 2D1.1, because sentences for career offenders were not based on a sentencing range that had been lowered by the commission. *See id.* (discussing *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009)).

The Sixth Circuit reaffirmed its holding in *Perdue* in the context of Amendment 750 under the Fair Sentencing Act because "that amendment did not lower the career offender sentencing guidelines range" where a sentence was derived from a defendant's status as a career offender, rather than based on the quantity of

4

drugs. *Id.* at 759 (citing and discussing *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013)).

The court must preliminarily calculate a defendant's § 2D1.1 guideline range to determine the statutory maximum offense level in §4B1.1, but this does not mean that the sentence was "based on" the drug quantity calculations in § 2D1.1. Ultimately, a preliminary calculation of a defendant's § 2D1.1 guideline range does not make the final sentence "based on" the §2D1.1 guideline. *Id.* at 759 n.1.

In sum, the Sixth Circuit has held that the reforms in the Fair Sentencing Act "only altered the § 2D1.1 guideline ranges" and that "sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges." *Id.* at 759. This Court is bound by Sixth Circuit precedent. As the Court previously explained, the reforms in Section 404 of the First Step Act are inapplicable to Clay's sentence because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which remain unchanged, not based on the guideline ranges in U.S.S.G. § 2D1.1, which are based on drug quantity calculation and were amended by the Fair Sentencing Act reforms that are now applied retroactively. [DE 42, 52].

### III. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant Samuel Lewaco Clay's motion for reduction of sentence [DE 97] is **DENIED**.

This the 25th day of March, 2019.

 Signed By:
*Joseph M. Hood*
Senior U.S. District Judge